UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PYTHON SAFETY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| TY-FLOT, INC., | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |

## COMPLAINT

Plaintiff, Python Safety, Inc. ("Python Safety"), and for its Complaint against Defendant, Ty-Flot, Inc. ("Ty-Flot"), and hereby alleges as follows:

## PARTIES

1.     Plaintiff Python Safety is a corporation organized under the laws of the State of Georgia, with its principal place of business at 103 Smokehill Ln, Woodstock, Georgia 30188.

2.     Upon information and belief, Defendant Ty-Flot is a corporation organized under the laws of the State of New Hampshire, with its principal place of business at 305 Massabesic St, Manchester, New Hampshire 03103.

## JURISDICTION AND VENUE

3.     This is an action against Defendant Ty-Flot for patent infringement arising under the Patent Laws of the United States, for trade dress infringement, and unfair competition.

4.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves claims arising under the laws of the United States and specifically involves claims arising under the United States Patent Act, 35 U.S.C. § 1, et seq. and Lanham Act 15 U.S.C. § 1125(a).

5.     This Court has personal jurisdiction over Ty-Flot because on information and belief, Ty-Flot has had systematic and continuous contacts with the state of Georgia and in this district, has purposefully directed its activities at residents of Georgia and of this district and the claims arise out of, or are related to Ty-Flot's activities in or directed to residents of Georgia and this district, including Python Safety.

6.     The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1332, 1338, & 1367.  This action is a suit for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et. seq., state and federal trade dress infringement, and unfair competition.

7.    Venue is proper in this district pursuant to 28 U.S.C. §1391.

**TRADE DRESS INFRINGEMENT/UNFAIR COMPETITION**

8.    Python Safety sells high-quality, easy to use, drop prevention solutions including items such as the hard hat tether, single tool holster, safe bucket; and dual tool holster.






*hard hat tether*          *safe bucket*          *single tool holster*          *dual tool holster*

9.    Upon information and belief, Ty-Flot sells the following products:






*hard hat tether*          *safe bucket*          *single tool holster*          *dual tool holster*

10.    In connection with its drop prevention products and solutions, Python Safety has developed a trade dress for its products which is essential to its business and to customers' identification of Python Safety as the source of the products.

11.    Python Safety has made a substantial investment in the development and marketing of its products' appearance to create what has become distinctive indicia of its business interests.

12.    Python Safety's product designs constitute protectable trade dress (the "Python Safety Trade Dress").  The Python Safety Trade Dress is inherently distinctive.   However, it also has established secondary meaning in the marketplace such that purchasers have come to associate it with Python Safety.

13.    The Python Safety Trade Dress includes the overall appearance and color contrast of its products.  The Python Safety Trade Dress is shown in Exhibit A.

    a. Python Safety's Safe Bucket 180lb Load Rated Vinyl Hook and Loop has protectable trade dress including the following elements:

        i. Either canvas or vinyl fabric forming a cylindrical wall of the bucket with a composite plating sewn on the bottom of the bucket;

      ii.  A solid, black color with brand written in solid color in the center of the bucket body;

      iii.  Either a hook and loop or drawstring closure system that is the same color and material of the body of the bucket; and

      iv.  A heavy-duty hoisting/shoulder strap with a twist-lock carabiner.

b.  Python Safety's Single and Dual Tool Holsters With Retractors have protectable trade dress including the following elements:

      i.  Construction from a premium heavy-duty ballistic denier fabric; and

      ii.  A solid, orange color.

c.  Python Safety Hard Hat Tether has protectable trade dress including the following elements:

      i.  Coiled structure in either solid or dual color; and

      ii.  A solid color clamp on one end and loop made of the same material as the coil itself on the other.

14.    Upon information and belief, Defendant Ty-Flot offers virtually indistinguishable products to each of the aforementioned Python Safety products in ¶ 13. In marketing material and online, those products are displayed in the

same general colors, aspect ratios, perspective, and contain the same tools, tool colors, and dimensions.  *See* Exhibit B.

15.    Python Safety has made Ty-Flot aware of its contentions by letters on December 17, 2011 and January 19, 2012.  *See* Exhibits C & D, respectively.

### INFRINGEMENT OF UNITED STATES PATENT NO. 8,646,768

16.    Python Safety is the owner by assignment of U.S. Patent No. 8,646,768 B2 ('768 Patent").  *See* Exhibit E.

17.    The application that became the '768 Patent was filed on March 16, 2010, and claimed priority to a provisional application filed on March 16, 2009.

18.    The '768 Patent issued on February 11, 2014 by the United States Patent and Trademark Office.

19.    The '768 Patent describes a novel quick spin holder for tools and accessories.  Additionally, the '768 Patent describes methods for using the novel holder.  Figure 1 of the '768 Patent is reproduced to the right:



20.    Defendant Ty-Flot has sold tool holders under its Grip-Fit™ line.  An example of a Grip-Fit™ holder ("Accused Product") is shown to the right (in orange):



21.    Defendant Ty-Flot's Accused Product infringes one or more claims of the '768 Patent.

22.    Defendant Ty-Flot has had notice of the '768 Patent no later than the date upon which it received this complaint.

23.    To the extent that Defendant has continued or do continue its infringing activities after receiving notice of the '768  Patent, such infringement is willful, entitling Python Safety to the recovery of treble damages pursuant to 35 U.S.C. § 284.

24.    Python Safety sells a line of tool holders, covered by the '768 Patent, under its Quick Spin line.  The holders are available in six sizes.  *See* Exhibit F, pp. 8-9.

25.    Ty-Flot's Grip-Fit™ also comes in six sizes.  *See* Exhibit G, p. 15.

26.    Of the infinite possible sizes, two of Ty-Flot's Accused Products have the same exact diameter as Python Safety's products-

a.  0.55 inches for the Python A/TyFlot SC030; and

b.  0.80 inches for the Python C/TyFlot SC056.

27.    The other four sizes that Ty-Flot offers are approximately within a tenth of an inch of Python Safety's products-

a.  Python B (0.66 inches)/TyFlot SC045 (0.675 inches);

b.  Python D (0.99 inches)/TyFlot SC075 (0.95 inches);

c.  Python E (1.13 inches)/TyFlot SC094 (1.05 inches); and

d.  Python F (1.42 inches)/TyFlot SC119 (1.30 inches).

28.    Due to the excessive copying, this is an "exceptional case" justifying an award of attorneys' fees and costs to Python Safety pursuant to 35 U.S.C. § 285.

29.    Python Safety has suffered damage by reason of Ty-Flot's infringement of the '768 Patent.  Python Safety will continue to suffer irreparable harm if Defendant is allowed to continue its infringing activity.  Python Safety believes that Defendant will continue to infringe the '768 Patent unless enjoined by this Court.  Python Safety requests, in addition to an award of its actual damages that have accrued to the date of Judgment, a permanent injunction against infringement from the date of Judgment until expiration of the '768 Patent.

30.     Upon information and belief, Ty-Flot's customers directly infringe the '768 Patent by using the Accused Products within the United States employing the claimed methods of the '768 Patent.  Defendant knew that this activity by its customers directly infringed the '768 Patent, or were willfully blind to the fact that this activity by its customers directly infringed the '768 Patent.

31.     Upon information and belief, Defendant has been and still is inducing infringement of and contributorily infringing the '768 Patent.

32.     Upon information and belief, Defendant knowingly and actively aided and abetted the direct infringement of the '768 Patent by offering for sale, selling, and providing instructions for use of the Accused Products to third-parties such that those third parties may use the Accused Products in a manner that directly infringes the '768 Patent.

33.     Upon information and belief, Defendant possessed the specific intent to encourage the direct infringement of the '768 Patent by its customers.

34.     Upon information and belief, Defendant knows and has known that its Accused Products are especially made or adapted for use in infringement of the '768 Patent, that the Accused Products constitute a material part of the invention, and have no substantial noninfringing use.  The Accused Products are not staple articles or commodities of commerce.

## COUNT I:  PATENT INFRINGEMENT--U.S. PATENT NO. 8,646,768 B2

35.    Python Safety restates and incorporates by reference each allegation and averment of paragraphs 1-34 above.

36.    Defendant has directly infringed at least one claim of the '768 Patent in violation of 35 U.S.C. § 271.

37.    Defendant has caused and will continue to cause Python Safety irreparable injury and damage by directly infringing, actively inducing others to infringe, and/or contributing to infringement of the '768 Patent.

38.    Python Safety will suffer further irreparable injury, for which Python Safety has no adequate remedy at law, unless and until Defendant is enjoined from infringing the '768 Patent.

39.    Defendant's infringement constitutes willful and intentional infringement making this an exceptional case and justifying the imposition of treble damages and an award of reasonable attorneys' fees to Python Safety within the provisions of 35 U.S.C. §§ 284-85.

## COUNT II:  UNFAIR COMPETITION UNDER LANHAM ACT SECTION 43(s)-TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

40.    Python Safety realleges and incorporates by reference the allegations set forth in paragraphs 1-34, above, as if set forth verbatim herein.

41.   The Python Safety Trade Dress is non-functional for the following Python Safety Products:

a.   Safe Bucket 180lb Load Rated Vinyl Hook and Loop listed as Part # BKT-180HLV;

b.   Python Safety Dual Tool Holster With Retractors (Belt) listed as Part # Hol-2Toolbltret;

c.   Python Safety Dual Tool Holster (Belt) listed as Part # Hol-2Toolblt;

d.   Python Safety Single Tool Holster With Retractors (Belt) listed as Part # Hol-1Toolbltret; and

e.   Python Safety Hard Hat Tether 1 listed as Part # EXT-Hardhat1.

42.   The Python Safety Trade Dress has acquired secondary meaning.

43.   Defendant has sold, and continues to sell products which incorporate and copy the Python Safety Trade Dress including, without limitation, Defendant's

a.   TY-FLOT 180 LB Swivel & Tethered Tool Bucket listed as Part # TTB-180VY-VC;

b.   TY-FLOT Dual Retractor Pocket listed as Part # RET-TP-BH-2-EZ;

c.   TY-FLOT Dual Pocket W/Strap Keeper & Lanyard listed as Part # TP-DL-BH-L;

    d.  TY-FLOT Single Retractor Pocket listed as Part # RET-TP-BH-1-EZ; and

    e.  TY-FLOT EZ Clean Coil Hard Hat Lanyard listed as Part # EZ-LNYHRD-CL-OR.

44.    Defendant's infringing products have caused, and are likely to continue causing, consumer confusion or mistake by falsely suggesting that Defendant's infringing products are connected with, sponsored by, affiliated with, approved by, or related to Python Safety.

45.    Defendant's sale of infringing products constitutes trade dress infringement, false designation of origin and unfair competition in violation of 15 U.S.C. §1125(a).

46.    Upon information and belief, Defendant's infringing activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damages to Python Safety's business reputation and to the goodwill associated with the Python Safety Trade Dress, including diversion of customers, lost sales and lost profits.  Python Safety has no adequate remedy at law.

## COUNT III:  GEORGIA DECEPTIVE TRADE PRACTICES ACT (O.C.G.A § 10-1-370 *et seq.*)

47.   Python Safety realleges and incorporates by reference the allegations set forth in paragraphs 1-34, above, as if set forth verbatim herein.

48.   Defendant's unauthorized use of the Python Safety Trade Dress constitutes deceptive trade practices under the Georgia Deceptive Trade Practices Act,  O.C.G.A. §10-1-370, *et seq.*

49.   The public is likely to be substantially damaged as a result of Defendant's deceptive trade practices.

50.   Unless enjoined by this Court, Defendant will continue said deceptive trade practices, thereby deceiving the public and causing Python Safety immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT IV:  GEORGIA STATUTORY UNFAIR COMPETITION (O.C.G.A § 23-2-55)

51.   Python Safety realleges and incorporates by reference the allegations set forth in paragraphs 1-34, above, as if set forth verbatim herein.

52.   Upon information and belief, Defendant's unauthorized use of the Python Safety Trade Dress has been with the intention of deceiving and

misleading the public, and thereby attempting to encroach upon the business of Python Safety in violation of O.C.G.A § 23-2-55.

53.    Defendant's unauthorized use of the Python Safety Trade Dress has caused, and unless restrained by this Court, will continue to cause immediate and irreparable injury to Python Safety because a substantial number of past, present and potential customers have been and are likely to be confused, deceived and misled as to the true source, origin, sponsorship, approval, authorization, association, affiliation and characteristics of the products offered for sale and sold by Defendant.  Python Safety has no adequate remedy at law for such injury.

54.    Unless enjoined by this Court, Defendant will continue said deceptive trade practices, thereby deceiving the public and causing Python Safety immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT V:  GEORGIA COMMON LAW UNFAIR COMPETITION

55.    Python Safety realleges and incorporates by reference the allegations set forth in paragraphs 1-34, above, as if set forth verbatim herein.

56.    Defendant's unauthorized use of the Python Safety Trade Dress has been for the calculated purpose of passing off Defendant's products as those of

Python Safety, trading upon Python Safety's goodwill and reputation, and deceiving the public as to the true nature and characteristics of Defendant's products, all to Defendant's profit and to Python Safety's damage.

57.     Defendant's aforesaid acts constitute unfair competition under the common law of the State of Georgia and have caused, and unless restrained by this Court will continue to cause, immediate, and irreparable injury to Python Safety's goodwill and reputation, for which it has no adequate remedy at law.

## COUNT VI:  GEORGIA COMMON LAW TRADE DRESS INFRINGEMENT

58.     Python Safety realleges and incorporates by reference the allegations set forth in paragraphs 1-34, above, as if set forth verbatim herein.

59.     Python Safety, by virtue of its prior adoption and use of the Python Safety Trade Dress, in this judicial district and elsewhere, has acquired, established and owns valuable common law rights in said trade dress.

60.     Defendant's unauthorized use of the Python Safety Trade Dress constitutes copying and imitation of the Python Safety Trade Dress, falsely designates the origin of Defendant's products, causes confusion, mistake and deception in the marketplace, and is likely to cause further confusion, mistake, or deception in the marketplace, and therefore infringes Python Safety's common

law rights in the Python Safety Trade Dress in violation of the common law of the State of Georgia.

61.    Defendant's actions complained of herein, unless enjoined by this Court, will continue to result in a likelihood of further confusion, mistake and deception of the public concerning the sources of or origin of products offered for sale and sold by Defendant, and will continue to produce irreparable injury and damage to Python Safety and its goodwill and business reputation, for which Python Safety has no adequate remedy at law.

### COUNT VII:  GEORGIA COMMON LAW UNJUST ENRICHMENT

62.    Python Safety realleges and incorporates by reference the allegations set forth in paragraphs 1-34, above, as if set forth verbatim herein.

63.    Defendant's unauthorized use of the Python Safety Trade Dress in connection with the advertising, promoting, and sale of the Defendant's goods and services, from which Defendant has derived substantial profits, has unjustly enriched Defendant by enabling them to unfairly appropriate the benefit of Python Safety's extensive use, promotion, and development of the Python Safety Trade Dress and the goodwill associated therewith.

64.    Defendant has earned revenues and profits to which they are not legally entitled, and Python Safety continues to be irreparably injured by the

aforesaid acts of Defendant, which acts have greatly and unjustly enriched Defendant at Python Safety's expense, for which injury Python Safety has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Python Safety respectfully prays for the following relief:

A.      That the Court enter judgment that Defendant Ty-Flot has directly and/or indirectly (induced/contributory) infringed one or more claims of the '768 Patent in violation of 35 U.S.C. § 271;

B.      That the Court issue an injunction requiring Defendant Ty-Flot, its officers, agents, servants and employees be enjoined and restrained from (a) making, using, offering to sell, selling, or importing into the United States Defendant's Accused Products; (b) using in any manner the Python Safety Trade Dress, or any confusingly similar or colorable imitation of the Python Safety Trade Dress; and (c) doing any act or thing that is calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of Python Safety or Defendant's product as to the source of the products or services offered for sale, distributed, or sold, or that is likely to deceive members of the public, or prospective customers, into believing that there is some connection, affiliation, or sponsorship between Defendant and Python Safety;

C.     That the Court enter judgment and order as part of the injunction Defendant Ty-Flot be directed to file with this Court and serve on Plaintiff Python Safety within thirty days after issuance of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant Ty-Flot has complied with the injunction;

D.     That as a further part of the injunction Defendant Ty-Flot be required to deliver up and destroy all of Defendant's Accused Products, all things bearing the Python Safety Trade Dress in any manner, or any trade dress or product configuration that is confusingly similar to or a colorable imitation of the Python Safety Trade Dress;

E.     That the Court enter judgment and order Defendant Ty-Flot account for and pay to Plaintiff Python Safety all damages available to Plaintiff Python Safety for Defendant's infringement of the '768 Patent, and that the Court increase the amount of damages to three times the amount found or assessed by the Court because of the willful and deliberate nature of the infringement, in accordance with 35 U.S.C. § 284;

F.     That the Court declare this an exceptional case and that Plaintiff Python Safety be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

G.    That the Court enter judgment in the amount of Python Safety's actual trade dress infringement damages, Defendant's profits, Python Safety's reasonable attorney fees, and costs of suit;

H.    That the Court grant Plaintiff Python Safety prejudgment interest and costs;

I.    That the Court enter judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under state law as appropriate; and

J.    That the Court grants such other and further relief as the Court may deem just.

<u>**JURY TRIAL DEMANDED**</u>

Python Safety hereby demands a trial by jury on all issues so triable.

This 18th day of June, 2014.

Respectfully submitted,

By:   /s/ Jeffrey T. Breloski
Jeffrey T. Breloski
Georgia Bar No. 858291
E-mail:  jbreloski@mmmlaw.com
John P. Fry
Georgia Bar No. 278705
E-mail:  jfry@mmmlaw.com

MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
(404) 233-7000
(404) 365-9532 (fax)

James W. Kayden
Georgia Bar No. 409404
E-mail:  kayden@mqrlaw.com

MCCLURE, QUALEY & RODACK, LLP
3100 Interstate North Circle
Suite 150
Atlanta, Georgia 30339
(678) 483-8899
(404) 521-4286 (fax)

*Attorneys for Python Safety, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned counsel certify that the foregoing has been prepared in Book Antiqua 13 point, one of the four fonts and points approved by the Court in LR 5.1C.

/s/ Jeffrey T. Breloski
Jeffrey T. Breloski
Georgia Bar No. 858291
E-mail:  jbreloski@mmmlaw.com